INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL No. 953 (A. F. L.), Appellant, vs. WISCONSIN EMPLOYMENT RELATIONS BOARD and others, Respondents.*

*September 12—October 10, 1944.*

* Motion for rehearing denied, with $25 costs, on December 19, 1944.

For the appellant there were briefs by *Padway & Goldberg,* and oral argument by *David Previant,* all of Milwaukee.

For the respondent Wisconsin Employment Relations Board there was a brief by the *Attorney General, James Ward Rector,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

ROSENBERRY, C. J. Two contentions are made upon this appeal: (1) That the Wisconsin Employment Peace Act does not apply to an employer having employees both inside and outside of the state; (2) that the Wisconsin Employment Relations Board loses its power to find that the company has engaged in unfair labor practices after the board has recognized the appropriateness of the. unit found by the National Labor Relations Board.

1. Plaintiff's argument in support of its contention that the Wisconsin Employment Peace Act (ch. 111, Wis. Stats. 1941) does not apply to an employer having employees both within and without the state is based mainly upon certain definitions to be found in the act. For instance, sec. 111.02

(3), Wis. Stats., defines, the term "employee" as "any person, other than an independent contractor, working for another for hire in the state of Wisconsin." Attention is directed to a number of other paragraphs where the same language or language of similar import is used. Upon the basis of these definitions it is argued that where an employer has employees, part of whom reside in the state and part of whom reside without the state, the state has no jurisdiction. It is considered that this position is not well taken. It is elementary law that the statutes of a state do not run beyond its boundaries. In this case, as in many other cases, the state board was dealing with a resident employer and resident employees under a claim that the employer had violated a state law. This was a matter clearly within the jurisdiction of the state board.

2. The contention of the plaintiff that the recognition of the appropriateness of I. B. E. W. as the bargaining representative of the employees of the company, ousts the state board of jurisdiction in this matter, cannot be upheld. This contention raises a question which involves a great deal of difficulty. We have considered phases of it in three former cases. The first case was *Wisconsin Labor R. Board v. Fred Rueping L. Co.* (1938) 228 Wis. 473, 279 N. W. 673. It was there said that the power of the state to subject labor relations to regulation is based on its police power, while the power of the federal government to deal with labor disputes which so proximately obstruct and burden interstate commerce as to bring labor relations in such industries within the power of congress, stems from the interstate-commerce clause of the federal constitution.

This case is argued as if the National Labor Relations Board had entertained and proceeded under sec. 9 (c) of the National Labor Relations Act (29 USCA, sec. 159 (c)) and certified the name of I. B. E. W. as the bargaining representative of the employees of the company. We do not so interpret the decision of the National Labor Relations Board. While

538

in the course of its findings of fact it stated that I. B. E. W. was an appropriate bargaining agency, it did not make any certificate but on the contrary dismissed the proceeding. We find nothing in the National Labor Relations Act that gives a mere recital or a finding of fact any efficacy. In order to establish the union as the bargaining agent of the employees, an election must be held and the result duly certified as required by the act. It is the certificate provided for under sec. 9 (c) or an order under the provisions of sec. 10 (c) (29 USCA, sec. 160 (c)) that vitalizes the proceeding before the board. That a finding is not efficacious is clearly indicated by sec. 9 (d) which provides:

"Whenever an order of the board made pursuant to section 10 (c) is based in whole or in part upon facts certified following an investigation pursuant to subsection (c) of this section, and there is a petition for the enforcement or review of such order, *such certification and the record of such investigation* shall be included in the transcript of the entire record required to be filed under subsection 10 (e) or 10 (f)."

The only act of the board in this case was to make an order dismissing the proceeding. No review was had of this order and the status of the parties was not affected by it. By no stretch of the imagination could it be held that the recital in the findings of fact could be the subject of review.

Counsel for the plaintiff again makes a contention which counsel has made in several other matters pending before this court, that the Wisconsin Employment Peace Act and the National Labor Relations Act are so inconsistent upon their face that it must be held that the state act must be suspended for the national act. We answered this contention in *Allen-Bradley Local 1111 v. Wisconsin E. R. Board* (1941), 237 Wis. 164, 295 N. W. 791, which with some limitations was affirmed by the supreme court of the United States in 315 U. S. 740, 62 Sup. Ct. 820, 86 L. Ed. 1154. But counsel contends that in a subsequent case, *International Union, etc., v.*

*Wisconsin E. R. Board* (1944), 245 Wis. 417, 14 N. W. (2d) 872, the *Allen-Bradley Case* was in effect overruled. When the opinion is read as a whole, however, it is considered that counsel's point is not well taken. It is specifically said (p. 424) that—

"The *Allen-Bradley Case* also definitely determines that the mere fact that the congress has enacted a statute defining unfair labor practice affecting interstate commerce and creating a federal agency for its enforcement does not preclude a state legislature from also enacting a statute on the same general subject and creating an agency for enforcing the state statute, this regardless of how specifically the practice may be defined in the federal act."

In *Amalgamated Utility Workers v. Consolidated Edison Co.* (1940) 309 U. S. 261, 269, 60 Sup. Ct. 561, 84 L. Ed. 738, the supreme court of the United States said:

"It is the board's order on behalf of the public that the court enforces. It is the board's right to make that order that the court sustains. The board seeks enforcement as a public agent, not to give effect to a 'private administrative remedy.' Both the order and the decree are aimed at the prevention of the unfair labor practice."

Manifestly, until in a proper proceeding some practice of an employer which is denounced by the National Labor Relations Act as an unfair labor practice, operates to impede or obstruct interstate commerce, the National Labor Relations Board by the terms of the act has no jurisdiction in the premises. When the National Labor Relations Board has acted in a particular case, the question of whether there is a conflict between the two jurisdictions is to be determined of course by the provisions of these acts. And that was what was meant by what was said in the *International Union Case, supra.* If no proceeding is had under the National Labor Relations Act, no conflict of jurisdiction can arise. This matter was fully discussed

in the *Rueping L. Co. Case* already referred to. The National Labor Relations Board having never taken jurisdiction to certify the name of a bargaining agent, the state board could entertain proceedings relating to violations of state law. In so doing there was under such circumstance no conflict of jurisdiction. Not every labor dispute arises to such dignity that it impedes and obstructs interstate commerce although the employer may be engaged in what has been defined as interstate commerce.

One other matter deserves attention. Appellants argue this case as if by the terms of sec. 8 (3) (29 USCA, sec. 158 (3)) congress had validated or legalized or authorized an all-union agreement. We do not so read the statute. It provides:

"It shall be an unfair labor practice for an employer—. . . (3) By discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: Provided, that nothing in this act, or in the National Industrial Recovery Act . . . as amended from time to time, or in any code or agreement approved or prescribed thereunder, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization (not established, maintained, or assisted by any action defined in this act as an unfair labor practice) to require as a condition of employment membership therein, if such labor organization is the representative of the employees as provided in section 9 (a), in the appropriate collective-bargaining unit covered by such agreement when made."

This merely provides that no provision of any act of congress or any code or agreement thereunder shall inhibit the making by a labor union and an employer of an all-union contract provided the labor organization which makes it is one designated in accordance with the act. Sub. (3) does not confer authority,—it removes what otherwise might be considered to be restrictions or limitations on the right of employers and employees to bargain.

We are unable to see any conflict of policy between the National Labor Relations Act and the Wisconsin Employment Peace Act. The Wisconsin Employment Peace Act permitted an all-union agreement made in compliance with the provisions of the act. The National Labor Relations Act permits an all-union agreement if made with a bargaining agent selected in accordance with the provisions of that act. The policy is the same in both acts. The method by which the bargaining agent is chosen differs but that does not constitute a difference in policy. If in a particular case the National Labor Relations Board takes jurisdiction, of course its determination is superior in legal effect to that of the determination of the state board, if there is a conflict. In this case the national board having declined to take jurisdiction, there is no conflict in policy or method. See *R. H. White Co. v. Murphy* (1942), 310 Mass. 510, 38 N. E. (2d) 685.

*By the Court.*—Judgment affirmed.